**E-FILED on** 6/8/06

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FARIBOR MEHRAFSHANI,<br><br>  Plaintiff,<br><br>  v.<br><br>COMPAQ COMPUTER CORPORATION, and DOES 1 THROUGH 20,<br><br>  Defendants. | No. C-01-20526 RMW<br><br>ORDER DENYING MOTION TO DISMISS FOR FAILURE TO PROSECUTE & DENYING RENEWED MOTION FOR SUMMARY JUDGMENT<br><br>**[Re Docket Nos. 96, 100, 105, 107]** |

Defendant Compaq Computer Corporation moves for summary judgment on plaintiff Faribor Mehrafshani's reasonable accommodation claim and to dismiss Mehrafshani's action for failure to prosecute. For the reasons given below, the court denies both motions.

## I. BACKGROUND

Mehrafshani began working for a predecessor to Compaq in 1983. A few years later, he was diagnosed with post-polio syndrome. Mehrafshani stopped working for Compaq in May 1999. Slightly less that two years later, he filed suit against Compaq.

On October 1, 2002, this court granted in part Compaq's motion for summary judgment and determined that the sole issue remaining for trial was whether Compaq failed to provide Mehrafshani with a reasonable accommodation and violated the California Fair Housing and

1  Employment Act, Cal. Gov't Code § 12900 *et seq*., by denying his request to take his accrued
2  vacation time. The next day, the parties requested their pretrial conference be continued until
3  October 17, 2002; the court granted this request. On October 10, 2002, a settlement conference was
4  scheduled before a magistrate judge for October 28, 2002. The docket does not reflect how the
5  pretrial conference scheduled for October 17 was continued, though there is no record that it
6  occurred and it would be reasonable to assume it did not occur because the parties had agreed to a
7  settlement conference. An October 29, 2002 docket entry reflects that the parties did not reach a
8  settlement in talks that took place the day before with a magistrate judge.
9        The next docket entry in the case was made slightly over three years later. On November 8,
10  2005, Mehrafshani informed the court he had retained new counsel. Apparently not alarmed by the
11  passage of time since the last action in this case, Mehrafshani's new lawyer did not instigate a
12  request for trial. The court on its own motion set a case management conference for January 6,
13  2006; the parties' attorneys attended. The court allowed some limited discovery and allowed
14  Compaq to make a second summary judgment motion. On March 3, 2006, Compaq filed the motion
15  presently under consideration.

16  **II. ANALYSIS**

17  **A. Motion to dismiss for failure to prosecute**

18        Mehrafshani's former legal team has no reasonable excuse for not contacting the court for
19  over three years after the trial date for this matter was vacated and settlement efforts failed. The
20  court is also concerned that Mehrafshani's new counsel's failed to do much to move the case along.
21  However, because court records do not reveal exactly what happened in October 2002—for
22  example, a pretrial conference was set for October 17 but there is no record of the conference
23  occurring or being rescheduled—the court is concerned it would be unfair to lay the blame
24  *completely* on Mehrafshani and his counsel. They are apparently ready for trial. Dismissal is a
25  drastic remedy. Compaq's motion to dismiss for failure to prosecute is, with misgivings,[1] denied.

26
27  ―――――――――――――
28  [1] It does not appear that Compaq will suffer and significant prejudice by the delay. If, at trial, it appears otherwise, the court might reconsider this order.

ORDER DENYING MOTION TO DISMISS FOR FAILURE TO PROSECUTE & DENYING RENEWED MOTION FOR SUMMARY JUDGMENT—No. C-01-20526 RMW
JAH      2

**B. Renewed motion for summary judgment**

While redetermination of issues decided on summary judgment is disfavored, there is not an absolute bar to it. The Ninth Circuit has noted that

> Much of the value of summary judgment procedure in the cases for which it is appropriate would be dissipated if a party were free to rely on one theory in an attempt to defeat a motion for summary judgment and then, should that theory prove unsound, come back long thereafter and fight on the basis of some other theory.

*Nguyen v. United States*, 792 F.2d 1500, 1503 (1986) (ellipses omitted). However, to not consider a party's summary judgment motion based upon a change in controlling law that occurred after an opposing party's summary judgment motion had been argued and submitted would be an abuse of discretion. *Golden Gate Hotel Ass'n v. City of San Francisco*, 18 F.3d 1482, 1486 (9th Cir. 1994). A federal district court may, after removal, reconsider a state court's ruling on a summary judgment motion before removal. *Preseau v. Prudential Ins. Co. of Am.*, 591 F.2d 74, 79-80 (9th Cir. 1979).

In the peculiar circumstances of this case, the court will allow Compaq's renewed motion for summary judgment without seeking leave to file a motion for reconsideration. Since the court denied part of Compaq's original motion for summary judgment in 2002, Compaq has deposed one of Mehrafshani's expert witnesses. Compaq bears no part of the blame for Mehrafshani letting his case languish for three years. If nothing else, Compaq should be allowed to make a renewed motion for summary judgment since Mehrafshani has been allowed to proceed and Compaq contends it has new information supporting summary judgment.

Turning to the merits of Compaq's renewed motion for summary judgment, the court picks up where it left off in its 2002 order on Compaq's original summary judgment motion. Neither side has sought reconsideration of that order, in which the court concluded that "Mehrafshani has presented sufficient evidence to create a genuine issue of material fact as to whether the denial of his requests to take accrued vacation time constituted a failure to make reasonable accommodations for his disability." Compaq now argues that Mehrafshani's expert's testimony that Mehrafshani's "[t]aking a single three-day vacation . . . would not resolve the problem" bars his recovery. *See* Mistry Decl., Ex. B.

ORDER DENYING MOTION TO DISMISS FOR FAILURE TO PROSECUTE & DENYING RENEWED MOTION FOR SUMMARY JUDGMENT—No. C-01-20526 RMW
JAH                                                                 3

Compaq, however, has mischaracterized the issue left open by the court's order on Compaq's previous motion for summary judgment as "Did Compaq fail to reasonably accommodate Mehrafshani's disability (post-polio syndrome) by allegedly denying his request for a three-day vacation?" *See* Mot. at 1. Compaq, however, is trying to reframe the issue to its advantage. That a three-day vacation would not have allowed Mehrafshani to continue in his position with Compaq does not resolve whether allowing him to use his accrued vacation time of at least five weeks at needed times such as the three days requested would have. *See* Mehrafshani Supp. Decl. ¶ 3. Compaq's motion for summary judgment is denied.

### III.  ORDER

For the foregoing reasons, the court denies defendant's

1. renewed motion for summary judgment and
2. motion to dismiss for failure to prosecute.

DATED:     6/8/06

*Ronald M Whyte*
RONALD M. WHYTE
United States District Judge

**Notice of this document has been electronically sent to:**

**Counsel for Plaintiffs:**

J. Philip Martin          jpmartinsf@aol.com

**Counsel for Defendants:**

Debra L. Fischer          debra.fischer@bingham.com
Sejal A. Mistry           sejal.mistry@bingham.com

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:**   6/8/06                              /s/ JH
                                        **Chambers of Judge Whyte**